## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| | : | **Civil Action No. 19-cv-20992 (JXN)(JBC)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SONALI ENERGEES USA, LLC, *et al* | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on Plaintiff Bank of America, N.A.'s motion for

summary judgment [ECF No. 43].  Defendants have not opposed Plaintiff's motion for summary

judgment, and the time for Defendants to oppose the motion has expired.  The Court reviewed all

submissions made in support and in opposition to the motion, and considered the motion without

oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For

the reasons stated herein, the Court will grant Plaintiff's motion for summary judgment.

### I.   BACKGROUND[1]

#### A.  Factual Background

Defendant Sonali Energees USA, LLC ("Borrower") and Bank of America, N.A.

(hereinafter, the "Bank" or "Plaintiff") entered into a Loan Agreement dated May 22, 2014 (the

---

[1] The Court distills this undisputed version of events from Plaintiff's statement of material facts,
affidavits, and exhibits accompanying the pending motions for summary judgment.  Because
Defendants failed to oppose the motion, all facts contained within Plaintiff's Statements of
Material Facts are deemed admitted for the purposes of this motion. *See* Local Civil Rule 56.1(a)
("[A]ny material fact not disputed shall be deemed undisputed for the purposes of the summary
judgment motion.").

"LOC Loan Agreement"), pursuant to which the Bank agreed to make available to Borrower a revolving line of credit in the original maximum amount of $1,200,000.00 (the "LOC Loan") until May 22, 2015 (the "Expiration Date"), at which time Borrower would repay all of the principal, interest and other charges due thereunder.  *See* Statement of Material Facts Not in Dispute ("SOMF") ¶ 1, ECF No. 43-4.[2]  The LOC Loan Agreement was subsequently amended three times and modified to (i) increase the maximum principal amount of the LOC Loan to $2,200,000.00; (ii) extend the Expiration Date to September 19, 2018; (iii) amend the terms of certain Covenants in the LOC Loan Agreement; and (iv) provide for the issuance of certain letters of credit to Borrower in an aggregate amount not to exceed $400,000.00.  *Id.* ¶ 3.

The LOC Loan Agreement provides, in part, that: (a) an event of default will occur thereunder if Borrower fails to make a payment when due or if any default occurs under any other agreement Borrower or any guarantor has with the Bank or any affiliate of the Bank; and, (b) in the event of a default under the LOC Loan Agreement, the Bank would be entitled to declare Borrower in default, stop making any additional credit available under the LOC Loan Agreement, declare all sums outstanding under the LOC Loan Agreement to be immediately due and payable, charge interest at the default rate of six percent (6%) over the existing rate of interest on the LOC Loan and take any other actions available to the Bank in law or equity, or under the LOC Loan Agreement and related instruments.  *See* SOMF ¶ 2.

As collateral security for the prompt and complete payment and performance of all present and future indebtedness of Borrower, Borrower executed and delivered to the Bank a Security Agreement dated May 22, 2014 (the "Security Agreement").  *Id.* ¶ 4.  Pursuant to the terms of the

---

[2] For the sake of brevity, all citations to Plaintiff's SOMF in this Opinion incorporate the evidentiary citations contained therein.

Security Agreement, Borrower granted to the Bank a first priority blanket security interest upon all assets of Borrower, including without limitation, accounts, contract rights, chattel paper, instruments, equipment, inventory and general intangibles, along with the proceeds thereof (collectively, the "Collateral"). *Id.* ¶ 5. As additional security for the repayment of all present and future indebtedness of Borrower, Defendants Pankaj Desai and Varsha Desai (each a "Guarantor" and collectively, the "Guarantors") each executed a Continuing and Unconditional Guaranty in favor of the Bank dated May 22, 2014 (the "Guaranties").[3]  The Guaranties provide that the Guarantors jointly and severally, absolutely and unconditionally, guaranteed the payment of any and all indebtedness of Borrower to the Bank when due, including any and all advances, debts, obligations and liabilities, plus any reasonable attorneys' fees and costs incurred by the Bank in the enforcement of the Guaranties. *Id.* ¶ 6. The terms of the Guaranties further provide that each of the Guarantors waive certain rights and defenses, which include, without limitation, any right to require the Bank to proceed against Borrower, or to proceed against or exhaust any security for the indebtedness of Borrower, or to pursue any other remedy in the Bank's power whatsoever, or to raise any defense based on any claim that the Guarantors' obligations exceed or are more burdensome than those of Borrower. *Id.* ¶ 7.

As a result of certain defaults under the LOC Loan Agreement, the Bank sent written notices to Borrower and the Guarantors (collectively, the "Obligors" or "Defendants") dated November 28, 2018 (the "First Default Notice"), in which the Bank advised the Obligors that Borrower was in default for failing to comply with certain terms set forth in section 6.19 of the LOC Loan Agreement. *Id.* ¶ 9. The Obligors were also advised that they further defaulted under

---

[3] The LOC Loan Agreement, Security Agreement, Guaranties and other documents related to the LOC Loan shall be collectively referred to as the "Loan Documents."

the LOC Loan Agreement for failing to make full payment to the Bank for the sums due thereunder, among other reasons. *Id.* ¶ 13.  As of October 8, 2021, Plaintiff contends that Defendants owe Plaintiff the unpaid balance of all amount due under the Loan Documents, which includes the total amount of $2,150,824.43 with further interest accruing thereafter at a per diem rate of $245.63. Pl.'s Br. at 13-14, ECF No. 43-1. [4]  This amount is comprised of principal in the amount of $1,965,000.00, plus accrued but unpaid interest in the amount of $185,774.43, plus fees in the amount of $50.00. *Id.*

Notwithstanding the above, the Defendants have failed and refuse to cooperate with the Bank or honor their obligations pursuant to the Loan Documents.  SOMF ¶ 24.  Plaintiff claims that Defendants continue to retain use and possession of the Collateral without permission from the Bank and continue to realize and retain the revenues and proceeds of such usage and possession. *Id.* ¶ 25.

With respect to Plaintiff's fraudulent transfer claims (Counts Eight, Nine, and Ten), Plaintiff contends that on or about September 27, 2021, Defendants recorded the Re-Conveyance Deed with the Clerk's Office, which re-conveyed the Real Property from Sonali Desai and Seifali Desai to Pankaj Desai.  Pl.'s Br. at 14-15.  Thus, Plaintiff contends that the recording of the Re-Conveyance Deed purportedly renders its claims of fraudulent transfer (Counts Eight and Nine) and constructive trust (Count Ten) moot. *Id.*  Accordingly, Plaintiff requests that the Court dismiss those claims without prejudice. *Id.*

---

[4] For sake of clarity, when citing to Plaintiff's Brief, the Court refers to the page number listed in the ECF header.

### B. Procedural History

Plaintiff filed a Complaint against Defendants on December 3, 2019, asserting contract claims comprised of claims for breach of contract (Count One), foreclosure of security interest (Count Two), replevin (Count Three), conversion (Count Four), unjust enrichment (Count Five), breach of guaranty arising from a defaulted commercial line of credit loan extended by Plaintiff to Borrower and guaranteed by Defendants Pankaj Desai and Varsha Desai (Count Six and Seven); and fraudulent transfer claims comprised of claims of fraudulent transfer (Counts Eight and Nine) and constructive trust (Count Ten).  Compl., ECF No. 1.  On January 13, 2020, Defendants filed their Answer and asserted twelve affirmative defenses: (1) failure to state a claim; (2) doctrine of unclean hands; (3) doctrine of waiver; (4) doctrine of laches; (5) statute of limitations; (6) Failure of Plaintiff to mitigate, minimize, or avoid their damage; (7) estoppel; (8) Plaintiff's alleged damages, if any, are speculative and cannot be established with reasonable certainty; (9) any harm or damages suffered by Plaintiff were caused by the intervening, supervening, or superseding acts of third parties; (10) Plaintiff failed to join indispensable parties; (11) Defendants adopt and incorporate by reference any and all other defenses asserted by other Defendants named in the Complaint; and (12) Defendants reserve the right to assert further defenses as they become available.  Answer, ECF No. 12.

Thereafter, on July 15, 2021, Magistrate Judge James B. Clark, III, entered a letter order providing that "all discovery is completed" and directing the following:

> By no later than **July 23, 2021**, any party wishing to file a summary judgment motion shall submit a letter of **three (3) pages or less** to the Honorable Julien X. Neals, U.S.D.J., summarizing the moving party's substantive arguments along with that party's statement of material facts not in dispute pursuant to Local Civil Rule 56.1.

Letter Order, ECF No. 39 (emphasis in original).  Judge Clark further ordered that "[w]ithin fourteen (14) days of the moving party's filing of its request and Rule 56.1 statement, the party

opposing the motion shall submit a letter of three (3) pages or less summarizing that party's

substantive arguments in opposition along with that party's statement of disputed material facts

pursuant to Local Civil Rule 56.1." *Id.*

On July 23, 2021, Plaintiff timely submitted its letter to the Undersigned summarizing its

substantive arguments in support of summary judgment and its Rule 56.1 Statement of Material

Facts Not in Dispute.  ECF No. 40.  Defendants did not file a letter, nor did they submit a Rule

56.1 statement in response to Plaintiff's submission.  On August 17, 2021, Judge Clark entered an

order stating the following:

> The Court will allow Defendants to file their response to Plaintiff's July 23, 2021
> letter and Rule 56.1 statement by no later than August 20, 2021. Should Defendants
> fail to file their response or request an extension of time to do so, the Court may
> deem Plaintiff's forthcoming motion for summary judgment unopposed.

ECF No. 41.  Again, Defendants did not file a letter and Rule 56.1 statement indicating a desire to

file a motion for summary judgment or a letter and Rule 56.1 statement in response to Plaintiff's

submission.  On September 9, 2021, the Undersigned granted Plaintiff's request to file a summary

judgment motion and ordered that "due to Defendants' failure to comply with the Court's Orders,

ECF Nos. 39 and 41, Defendants are prohibited from filing a response to Plaintiff's statement of

undisputed material facts but may file a statement of disputed material facts."  ECF No. 42.

Plaintiff filed its motion for summary judgment on October 19, 2021.  ECF No. 43.

Defendants did not file an opposition.  In its unopposed motion for summary judgment, Plaintiff

seeks an order (i) granting summary judgment on Counts One, Two, Three, Four, Five, Six and

Seven, which Plaintiff collectively refers to as the "Contract Claims;" (ii) awarding Plaintiff

money damages in connection with the Contract Claims; (iii) dismissing without prejudice Counts

Eight, Nine and Ten; (iv) striking the Defendants' Answer, including the affirmative defenses

included therein; and (v) awarding Plaintiff such other and further relief this Court may deem just,

proper, and equitable.  *See* Pl.'s Br. at 5, ECF No. 43-1.  For the reasons that follow, the Court

grants Plaintiff's summary judgment and dismisses Counts Eight, Nine, and Ten of Plaintiff's

Complaint without prejudice.

## II.   LEGAL STANDARD FOR SUMMARY JUDGMENT

The Court will grant summary judgment if "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgement as a matter of law."  Fed. R. Civ. P. 56(c).  As the moving

party, Plaintiff bears the burden of showing that no genuine issue of material fact exists.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  An issue is "genuine" if the evidence is such that a

reasonable jury could find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).  Plaintiff may satisfy its burden by either 1) submitting affirmative evidence that

negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court

that the nonmoving party's evidence is insufficient to establish an essential element of the

nonmoving party's case.  *Celotex*, 477 U.S. at 331.

Although Defendants have provided no opposition to the present motion for summary

judgment, the Court may not grant summary judgment merely on the basis that the motion is

unopposed.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Asquith v. Taylor*, 2006

WL 932329 at *3 (D.N.J. 2006).  Rather, the Court must still ascertain whether the Defendant has

satisfied its burden of establishing the nonexistence of a "genuine issue."  *Celotex*, 477 U.S. at

330.

## III.   DISCUSSION

As noted above, Defendants failed to oppose this motion for summary judgment.  Thus,

the Court will accept as undisputed the material facts put forth by Plaintiff in its Statement of

Undisputed Facts [ECF No. 43-4].  *See* L.Civ.R. 56.1(a) ("[A]ny material fact not disputed shall

be deemed undisputed for purposes of the summary judgment motion.").  Defendants' lack of

opposition does not necessarily indicate that the motion will be granted, however, as the Court

must assess whether the summary judgment motion has been properly made and supported, and if

granting summary judgment is "appropriate."  *See Anchorage Assocs. v. Virgin Islands Bd. of Tax*

*Review*, 922 F.2d 168, 175 (3d Cir. 1990); *Robbins v. U.S. Foodservice*, No. 11-cv-4599, 2012

WL 3781258, at *3 (D.N.J. Aug. 30, 2012).

### A.  Breach of Contract

By its terms, the Loan Agreement is governed by, and construed under, the laws of New

Jersey.  Loan Agreement § 8.2 ("Governing Law"), ECF No. 1-2 at 10.  To prevail on a breach of

contract claim, a plaintiff must demonstrate the following: (1) there is a valid contract "containing

certain terms," (2) Plaintiff "did what the contract required [it] to do" (2) Defendants' breach of

the contract, and (3) damages resulting from that breach.  *See Lacroce v. M. Fortuna Roofing, Inc.*,

No. CV 14-7329 (JBS/KMW), 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017) (citing *Globe Motor*

*Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016); *see also Frederico v. Home Depot,* 507 F.3d 188, 203

(3d Cir. 2007).

Here, Defendants do not dispute the existence of a contract with Plaintiff, and the record

contains the pertinent Loan Documents, executed by Defendants.  *See* SOMF ¶¶ 2-6 (evidentiary

citations contained therein).  It is also undisputed that Plaintiff performed all contractual

obligations, and that Defendants breached the contract by not making the required payments.  As

a result, Plaintiff suffered damages that include the unpaid balance of all amounts due under the

Loan Documents, plus interest.

As noted above, Defendants, who have not opposed this motion, assert twelve affirmative defenses in their Answer.  *See* Answer, ECF No. 12 at 13-15.  Defendants have submitted no evidence or any further allegations in support of their affirmative defenses, and thereby failed to establish a dispute as to any material facts of this case.  Thus, the allegations asserted in Defendants' Answer cannot overcome the documentary evidence submitted by Plaintiff.  *See Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001) (party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading" but "must set forth specific facts showing that there is a genuine issue for trial") (citing Fed. R. Civ. P. 56(e); *Matsushita,* 475 U.S. at 586).  Accordingly, the Court finds that Defendants' Answer, and affirmative defenses therein, do not create a genuine issue of material fact sufficient to defeat Plaintiff's motion for summary judgment.  *See Celotex,* 477 U.S. at 324.

Because there is no dispute that a Loan Agreement existed between the parties and Defendants breached the Loan Agreement, the Court finds that Defendants are liable for the full amount of the loan.  As of October 8, 2021, this amount consists of $2,150,824.43 (comprised of principal in the amount of $1,965,000.00, plus accrued but unpaid interest in the amount of $185,774.43, plus fees in the amount of $50.00) with further interest accruing thereafter at a per diem rate of $245.63.[5]

---

[5] Plaintiff also moves for summary judgment on its claims for foreclosure of security interest (Count Two), replevin (Count Three), conversion (Count Four), unjust enrichment (Count Five), and breach of guaranty (Count Six and Seven).  Because Plaintiff has been accorded complete relief as to its breach of contract claim, the Court will dismiss Counts Two – Seven as moot. *See Bank of Am., N.A. v. Teicher*, No. CIV.A.09-3068 (MLC), 2010 WL 2516570, at *3 n.3 (D.N.J. June 14, 2010); *see also Las Vegas Sands Corp. v. ACE Gaming, LLC,* No. 06–5441, 2010 U.S. Dist. LEXIS 50891, at *34 n. 25, 2010 WL 2026062 (D.N.J. May 24, 2010) (as plaintiffs were entitled to summary judgment on their breach of contract claim, the court dismissed plaintiffs' unjust enrichment claim as moot).

**B. Fraudulent Transfer**

In its motion, Plaintiffs contends that on or about September 27, 2021, Defendants recorded the Re-Conveyance Deed with the Clerk's Office, which re-conveyed the Real Property from Sonali Desai and Seifali Desai to Pankaj Desai. Pl.'s Br. at 14-15. Thus, Plaintiff requests that the Court dismiss it claims of fraudulent transfer (Counts Eight and Nine) and constructive trust (Count Ten) without prejudice because the recording of the Re-Conveyance Deed renders the claims moot. Accordingly, the Court dismisses Counts Eight, Nine, and Ten without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [ECF No. 43] is **GRANTED**. Counts Two, Three, Four, Five, Six, and Seven of the Verified Complaint are **DISMISSED as moot**. Counts Eight, Nine and Ten of the Verified Complaint are **DISMISSED without prejudice**. An appropriate Form of Order accompanies this Opinion.


DATED: January 7, 2022            **JULIEN XAVIER NEALS**
                                  United States District Judge

10